IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MIGUEL RAYMUNDO COBO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-674 (LMB/WBP) |
| | ) | |
| JEFFREY CRAWFORD, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

Petitioner Miguel Raymundo Cobo ("Cobo"), a native and citizen of Guatemala, has filed a six-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he was illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency and that his grant of deferred action and employment authorization has been unlawfully revoked by DHS's U.S. Citizenship and Immigration Services ("USCIS") agency. Specifically, the Petition alleges various violations of the Immigration and Nationality Act (Counts I and II), DHS's regulations (Count III), the Due Process Clause of the Fifth Amendment to the U.S. Constitution (Count IV), and the Administrative Procedure Act (Counts V and VI).

Because Cobo was detained at the Farmville Detention Center at the time he filed his Petition, he has named Jeffrey Crawford, the warden of the Farmville Detention Center, as a respondent. Cobo has also sued Robert Guadian, the Director of the ICE Enforcement and Removal Operations Washington Field Office; Markwayne Mullin, the DHS Secretary; and

Todd Blanche, the Acting Attorney General (collectively, "the federal respondents").[1] For the reasons discussed in this Order, the Court finds that the process the federal respondents used to revoke Cobo's deferred action and employment authorization violated the Fifth Amendment. Accordingly, Cobo's Petition will be granted as to Count IV, and the federal respondents will be enjoined from revoking his deferred action and employment authorization without first providing him with "a hearing before an Immigration Judge" at which the federal respondents must justify the revocation "based on a change in circumstances" that would justify revoking deferred action. Ramos Flores v. Mullin, 1:26-cv-684-MSN-IDD, Dkt. No. 14, at 8 (E.D. Va. Apr. 22, 2026).

I.

Under the Immigration and Nationality Act, certain noncitizen children may apply through a Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant ("Form I-360") for special immigrant juvenile ("SIJ") status. 8 U.S.C. § 1101(a)(27)(J); 8 C.F.R. § 204.11. Although the statute refers to the SIJ classification as a "status," the classification does not confer lawful status. Rather, being classified as an SIJ merely permits a noncitizen to adjust his status to that of a legal permanent resident once an immigrant visa number becomes available. 8 U.S.C. § 1255(a), (h).

Because Congress has limited the number of immigrant visa numbers annually available to noncitizens with SIJ status, 8 U.S.C. § 1153(b)(4), those individuals often must wait years before they are able to seek an adjustment of their status.[2] To address the discrepancy between

---

[1] Markwayne Mullin, the DHS Secretary, and Todd Blanche, the Acting Attorney General, have automatically replaced their predecessors pursuant to Federal Rule of Civil Procedure 25(d).

[2] See Policy Alert 2022-10, USCIS (Mar. 7, 2022) https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20220307-SIJAndDeferredAction.pdf ("Due to ongoing visa number unavailability, the protection that

the limited number of immigrant visa numbers and the large number of noncitizens with SIJ status, USCIS announced in March 2022 that it would begin automatically making deferred action determinations for noncitizens with SIJ status who are ineligible to apply for an adjustment of status due solely to the unavailability of immigrant visa numbers.[3] Deferred action refers to the Executive's decision in the exercise of its prosecutorial discretion to defer or abandon the "initiation or prosecution of various stages in the deportation process." Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 483–84 (1999). Relevant here, if USCIS approves a noncitizen's deferred action request, the noncitizen may apply for employment authorization. 8 C.F.R. § 274a.12(c)(14).

II.

The following facts are undisputed. Cobo was born in Guatemala on March 17, 2006. [Dkt. No. 1-5]. On June 17, 2021, shortly after entering the United States, he was encountered by border patrol agents near the Rio Grande Valley in Texas and was issued a Notice to Appear that charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). [Dkt. No. 1-4]; [Dkt. No. 7-1] at ¶ 6. Because he was 15 years old, he was placed into the custody of the Office of Refugee Resettlement, which released him to a sponsor in March 2022. [Dkt. No. 1-5].

Since entering the United States, Cobo has "built meaningful ties to his community and a stable life for himself." [Dkt. No. 1] at ¶ 23. He is currently in the custody of the Fairfax

Congress intended to afford SIJs through adjustment of status is often delayed for years, leaving this especially vulnerable population in limbo.").

[3] Policy Alert 2022-10, USCIS (Mar. 7, 2022) https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20220307-SIJAndDeferredAction.pdf. On June 5, 2025, USCIS announced that it would no longer automatically consider noncitizens with SIJ status for deferred action. See Policy Alert 2025-07, USCIS (June 6, 2025), https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20250606-SIJDeferredAction.pdf.

Department of Family Services, and since 2023, has lived with a foster family and his younger brother. Id. When he turned 18 years old, Cobo signed a voluntary agreement to continue to receive services and to enter the Fostering Futures Program, which provides financial and social support until the age of 21 and aids transition to independent living. Id. He graduated from Centreville High School in June 2025 and received numerous awards for achievement in athletics and business and finance courses. Id. He is currently enrolled in the Northern Virginia Community College, has received a scholarship from the Herb Block Foundation, and plans to pursue a degree in business. Id.

On March 19, 2024, an Immigration Judge dismissed the removal proceedings pending against Cobo because the Notice to Appear issued to him on June 17, 2021 did not specify the date and time the removal proceedings would be held. [Dkt. No. 1-7]. On March 22, 2024, Cobo submitted a Form I-360, which was approved on October 22, 2024. [Dkt. No. 1-6]; [Dkt. No. 7-2] at ¶ 10. Importantly, the Notice of Action that approved Cobo's Form I-360 granted Cobo SIJ status and issued a decision deferring action on Cobo's removal from the United States. [Dkt. No. 7-2] at ¶ 10. As to the grant of deferred action, the Notice of Action stated:

> Your Form I-360 has been approved, but you do not yet have a visa available to file an application for adjustment of status. USCIS has determined that you warrant a favorable exercise of discretion to receive deferred action. As a result, you have been placed in deferred action and you may be issued an employment authorization document. Deferred action is an act of administrative convenience to the government which gives some cases lower priority for removal from the United States for a specified period of time.
>
> Your grant of deferred action will remain in effect for a period of four years from the date of this notice unless terminated earlier by USCIS.

[Dkt. No. 1-6]. By these terms, the grant of deferred action was to remain in effect until October 22, 2028. [Dkt. No. 7-2] at ¶ 10. USCIS also approved Cobo's application for employment authorization by a separate Notice of Action that was issued in October 2022. [Dkt. No. 1-9].

On November 9, 2025, Cobo was arrested for and charged in state court with reckless driving. [Dkt. No. 8-2]. He was released pending adjudication of that charge, and on January 3, 2026, he was stopped for speeding. Id.; [Dkt. No. 9]. On January 29, 2026, Cobo pleaded guilty to a misdemeanor traffic offense of reckless driving and was sentenced to 90 days' imprisonment, 85 of which were suspended. Id. On February 16, 2026, after serving that sentence, Cobo reported to the Loudoun County Adult Detention Center to serve the portion of his sentence that was not suspended. [Dkt. No. 8-1]. On February 19, 2026, he was transferred into ICE custody and issued a new Notice to Appear charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). [Dkt. No. 7-1] at ¶ 16; [Dkt. No. 1-2]. In addition, USCIS issued Cobo a Termination Notice, which stated:

> This letter serves as notification that U.S. Citizenship and Immigration Services (USCIS) has individually reviewed your case and exercised discretion to terminate your period of deferred action, which began on October 22, 2024, in connection with your approved Form I-360, Petition for Amerasian, Widow(er) or Special Immigrant Juvenile (SIJ). USCIS approved your Form I-360, which granted you SIJ classification on October 22, 2024, and it remains approved.
>
> Deferred action is a discretionary determination, however, to defer immigration enforcement action against an individual as an act of prosecutorial discretion. You may not appeal or move to reopen/reconsider this decision.

[Dkt. No. 1-8]. The Termination Notice also stated that "USCIS intends to revoke your employment authorization because the condition upon which your employment authorization was granted no longer exists as your period of deferred action has been terminated." Id. On March 10, 2026, Cobo filed the pending Petition for Writ of Habeas Corpus. [Dkt. No. 1]. The next day, the Court entered an Order enjoining the federal respondents from revoking Cobo's deferred action and employment authorization during the pendency of this litigation. [Dkt. No. 5]. The Court also ordered Cobo's immediate release pending resolution of the Petition. Id. The Petition is now fully briefed and ripe for review. See [Dkt. Nos. 7 & 8].

III.

The central question posed in the Petition is whether the process the federal respondents used to revoke Cobo's deferred action and employment authorization violated the Fifth Amendment. To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, courts apply the three-part test established in Mathews v. Eldridge, 424 U.S. 319 (1976). Under that test, courts must consider: (1) "the private interest that will be affected by the official action"; (2) the "risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335. Agreeing with the recent decisions of several other jurists,[4] the Court finds that all three Mathews factors point in the same direction: The unilateral revocation of Cobo's deferred action and employment authorization without first providing him with individualized consideration and an opportunity to be heard deprived him of his due process rights.

First, Cobo has "a significant private interest in remaining out of custody and continuing the life he built for himself under the reasonable expectation that he would not be removed before he is able to adjust his status." Sarmiento v. Perry, No. 1:25-cv-1644, 2026 WL 131917, at *9 (E.D. Va. Jan. 19, 2026); see also Zadvydas v. Davis, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects."). The federal respondents argue that Cobo lacks a constitutionally protected liberty interest because deferred action is

[4] See, e.g., Sarmiento v. Perry, No. 1:25-cv-1644, 2026 WL 131917 (E.D. Va. Jan. 19, 2026); Mangandid Barrillas v. Trump, 1:26-cv-194-AJT-LRV, Dkt. No. 12 (E.D. Va. Mar. 25, 2026); Ramos Flores v. Mullin, 1:26-cv-684-MSN-IDD, Dkt. No. 12 (E.D. Va. Apr. 22, 2026).

merely an act of "administrative grace" and "prosecutorial discretion." [Dkt. No. 7] at 24–25. But as other jurists have recognized, see Ramos Flores v. Mullin, 1:26-cv-684-MSN-IDD, Dkt. No. 12, at 6 (E.D. Va. Apr. 22, 2026), the Executive's decision to defer action in a particular noncitizen's removal proceedings is not as passive a decision as the federal respondents suggest. Unlike typical acts of prosecutorial discretion, "[t]he defining features of deferred action is the decision to defer removal" and "notify the affected alien of that decision." Dep't of Homeland Sec. v. Regents of the Univ. of Cal., 591 U.S. 1, 27 (2020). Therefore, although deferred action is discretionary, it is "not simply a non-enforcement policy" but rather "an affirmative determination by the government that certain individuals that meet enumerated criteria are entitled to forbearance from removal and work authorization." Sarmiento, 2026 WL 131917, at *7. For these reasons, Cobo has a constitutionally protected liberty interest in remaining out of custody and continuing to live and work in the United States under the reasonable expectation that he will not be removed before he can seek an adjustment of status.

Second, the procedures used to revoke Cobo's deferred action and employment authorization risked erroneously depriving him of his liberty interest. Based on the record before the Court, Cobo was not provided with any pre-deprivation notice of USCIS's decision to revoke the grant of deferred action and employment authorization, much less an opportunity to be heard. In fact, the Termination Notice issued to Cobo on February 19, 2026 explicitly states that he cannot appeal or seek reconsideration of USCIS's decision. [Dkt. No. 1-8]. Thus, on this record, it is easy to see how any additional procedure would be valuable where, as here, the only procedure required for the deprivation of Cobo's liberty interest appears to be an entirely unreviewable decision by an agency official subject to no formal procedures. Accord L.M. v. Noem, No. 2:25-cv-2194, 2026 WL 103231, at *13 (D. Nev. Jan. 14, 2026).

Finally, the federal respondents' interest in detaining Cobo and revoking his deferred action and employment authorization without any semblance of due process is nonexistent. Of course, they have "no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by . . . alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). And although the federal respondents have a "weighty" "interest in efficient administration of the immigration laws," Landon v. Plasencia, 459 U.S. 21, 34 (1982), they "remain subject to an obligation to 'effectuate [Cobo's] detention in a manner that comports with due process,'" Abadin v. Noem, No. 2:25-cv-2411, 2026 WL 217148, at *4 (W.D. Wash. Jan. 28, 2026) (citation omitted). Nothing in this record explains why the federal respondents are "unable to efficiently enforce the immigration laws . . . while also affording individuals with their 'core' due process right: 'notice and an opportunity to be heard.'" Make the Rd. N.Y. v. Noem, 805 F. Supp. 3d 139, 170 (D.D.C. 2025) (quoting LaChance v. Erickson, 522 U.S. 262, 266 (1998)).

In sum, although the federal respondents have discretion to grant deferred action, that does not mean they can revoke deferred action on a mere whim, which is what has happened in this case. Accordingly, it is hereby

ORDERED that respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from revoking Cobo's deferred action and employment authorization unless he first receives a hearing before an Immigration Judge at which the federal respondents must justify the revocation of deferred action and employment authorization based on a change in circumstances that would justify revoking deferred action; and it is further

ORDERED that respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from re-detaining Cobo unless (1) he commits a violation of any federal, state, or local law or (2) his deferred action has been lawfully revoked in a manner consistent with the Due Process Clause.

The Clerk is directed to enter judgment in Cobo's favor pursuant to Federal Rule of Civil Procedure 58, forward a copy of this Order to counsel of record, and close this civil action.

Entered this 17th day of June, 2026.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge